24254

In the Matter of Richard F. COLVIN, Respondent.

(458 S.E. (2d) 430)

Supreme Court

*Atty Gen. Charles Molony Condon* and *Asst. Atty. Gen. James G. Bogle, Jr.,* Columbia, *for complainant.*

*Douglas J. Robinson,* Camden, *for respondent.*

Heard March 8, 1995.

Decided June 12, 1995.

*Per Curiam:*

In this attorney grievance matter, the Hearing Panel recommended disbarment. The Executive Committee concurred with the Panel's finding of misconduct but recommended the imposition of indefinite suspension. We agree with the findings of misconduct and indefinitely suspend Respondent from the practice of law.

Respondent voluntarily pled guilty to laundering drug money on three separate occasions in violation of S.C. Code Ann. § 44-53-475(A)(1)(a) and (b) (Supp. 1993). He was sentenced to a term of five years, suspended to two years' probation with the requirement that he perform 30 hours of public service. On August 13, 1992, Respondent admitted to the State Grand Jury that his prior testimony on July 16, 1992, was false. He consented to temporary suspension on July 28, 1993. Hearing Panel found that Respondent committed additional perjury, either during a second appearance before the Grand Jury on August 13, 1992, or at the Panel hearing. Executive Committee disagreed with this finding of additional perjury. From a review of the record, we agree with Executive Committee.

The offense of laundering drug money and perjury constitute serious crimes as defined in Paragraph 2(P) of the Rule on Disciplinary Procedure, Rule 413, SCACR. Respondent has engaged in conduct prejudicial to the administration of justice, conduct which adversely impacts upon his fitness to practice law and inflicts disrepute upon the courts and the legal profession.

This Court's affirmance of the recommendation by the Executive Committee for an indefinite suspension, rather than disbarment, is based upon mitigating factors which are clear from the record.

Immediately following his appearance before the Grand Jury, Respondent notified the authorities of his perjured testimony; he made a forthright confession and accepted the consequences of his actions. Without delay he voluntarily closed his law practice and, thereafter, has fully cooperated with both the Panel and the Executive Committee. Respondent has completely fulfilled the terms of his plea agreement with respect to community service. In his appearance before this Court he accepted full responsibility for his conduct and demonstrated genuine contriteness.

It is ordered that Respondent be indefinitely suspended from the practice of law in this State. Respondent shall file an affidavit with the Clerk of Court within fifteen days of the date of the filing of this Opinion, in compliance with Paragraph 30 of Rule 413, SCACR.